**CALIFORNIA TRANSPORT CORPORA-TION, as owner of the S.S. A. N. Kemp, Libelant-Appellee,**

v.

**UNITED STATES of America, Respondent-Appellant.**

**UNITED STATES of America, as owner of the U.S.S. RIZZI, Libelant-Appellant,**

v.

**The S.S. A. N. KEMP, Respondent-Appellee.**

**Nos. 68, 69, Dockets 27500, 27501.**

United States Court of Appeals Second Circuit.

Argued Oct. 24, 1962.

Decided Jan. 3, 1963.

accept the Claimant for vocational rehabilitation because his impairment was

Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Robert M. Morgenthau, Vincent L. Broderick, U. S. Attys., Morton S. Hollander, Chief, Appellate Section, Civil Div., Dept. of Justice, Louis E. Greco, Atty. in Charge, New York Office, Admiralty & Shipping Section, Dept. of Justice, G. M. Bates, Atty., Admiralty & Shipping Section, Dept. of Justice, for libelant-appellant.

Choate, Mitchell, Baker & Nelson, New York City (Charles Dickerman Williams, New York City, of counsel), for libelant-appellee.

Before LUMBARD, Chief Judge, and MOORE and HAYS, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

The careful and sound analysis of the facts and the proper determination of fault made by the trial court (198 F. Supp. 937) are adopted by this court. This is just another case in which the collision in theory should not have occurred. The weather was fair and sunny and the visibility excellent, the sea smooth and the wind light. The Kemp, a heavily loaded tanker and the U. S. S. Rizzi, a naval vessel, sighted each other

too severe and no employment opportunities were available.

about two miles apart. Had the Rizzi remained on its course the two vessels would have passed safely. However, some force more personal than magnetic brought the Rizzi into collision with the starboard bow of the Kemp. Each naturally blames the other.

The Kemp, with its draft of 34.4 feet, was entitled· to proceed in the channel. In fact, this was a necessity because the channel was only dredged to 35 feet (mean low water). The Rizzi's draft was approximately 14 feet. The Kemp first sounded a two-blast signal, thereby indicating a starboard-to-starboard passage. This was the safest procedure in view of the Rizzi's position outside the channel and to starboard of the Kemp. The Rizzi responded to the Kemp's signal with a four-blast danger signal followed by one blast calling for a port-to-port passing. This election of the Rizzi to alter her course without consent, thereby rejecting the starboard-to-starboard signal of the Kemp, and to call for a port-to-port passing in the course of her maneuver across channel and across the Kemp's bow was fraught with danger and led to the collision. The Rizzi was on a training cruise which apparently should have accomplished its purpose at least in one respect by teaching the lesson that it is always risky to turn suddenly in front of another vessel unless one is sure that there is adequate clearance.

Appellant asserts as a first error a failure to find that the Kemp's speed was excessive which made her unmanageable in maneuvering to avoid collision. There is no foundation for such a finding. The Kemp's speed was not a contributing factor to the collision. Nor was there any reason for the Kemp to sound a danger signal before the Rizzi had declared itself (second error). As a third error, the Rizzi claims that the Kemp should have signaled for a starboard-to-starboard passage at an earlier point of time. The Kemp's signal was timely; it was the Rizzi which failed to respond. The fourth error of asserted violation of the narrow channel rule by the Kemp is without merit.

The trial court's conclusion that the collision was due solely to the fault of the Rizzi and that the Kemp acted reasonably and properly under all the circumstances is fully supported by the evidence.

Affirmed.